UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIEN NGOC HUYNH,<br><br>                            Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of Department of Homeland Security, et al.,<br><br>                           Respondents. | Case No.: 25cv3601-LL-AHG<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

Pending before the Court is Petitioner Hien Ngoc Huynh's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. The matter is fully briefed, and the Court deems it suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. For the reasons below, the Court **GRANTS** the Petition for Writ of Habeas Corpus, **DENIES AS MOOT** the Motion for Temporary Restraining Order, and **ORDERS** Petitioners' immediate release from custody.

**I.      BACKGROUND**

Petitioner was born in Thailand to Vietnamese parents, and then came to the United States with his family in 1984 as refugees. ECF No. 1 ("Ngoc Huynh Decl.") ¶ 1. He and his family received green cards. *Id.* In 2004, he was convicted of an assault. *Id.* ¶ 2. As a result, he was ordered removed by an immigration judge, spending several months in detention while ICE attempted to remove him. *Id.* ¶¶ 2–4. When Vietnam failed to issue

him a travel document, he was released on supervision in 2005. *Id*. ¶¶ 4–5. He complied with all check-in appointments and had a clean criminal history for the next 20 years. *See id*. ¶ 5. Most recently, he has worked at a nursing facility. *Id*. ¶ 7.

On November 13, 2025, ICE arrested him on his way to the gym. *Id*. ¶ 6. Petitioner swears that they "did not say why" they were revoking his supervision or give him a "chance to contest [his] detention." *Id*. ¶ 7. These failings, Petitioner argues, violated ICE's own regulations which state that:

> The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. . . . Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification.

*See* 8 C.F.R. §§ 241.13(i)(2)–(3), 241.4(l).

Therefore, on December 15, 2025, Petitioner sought his release though a writ of habeas corpus on two grounds: (1) that he was denied an explanation and chance to respond when he was re-detained, violating ICE's rules and his constitutional due process rights; and (2) that his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 U.S.C. § 1231. ECF No. 1 ("Pet.") at 7–15. Petitioner moved for a temporary restraining order as well. ECF No. 2. Finding the first claim (due process) to be dispositive, the Court declines to rule on the other claim.

## II.   DISCUSSION

### A.   Jurisdiction

Courts have long had jurisdiction to issue writs of habeas corpus to petitioners held in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2241(c)(3). In doing so, we carry out the "historic purpose of the writ," namely "to relieve detention by executive authorities without judicial trial." *Zadvydas*, 533 U.S. at 699. Had Petitioner sought to challenge the Government's decision to execute his removal

order, it would bar this Court's review. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) (applying 8 U.S.C. § 1252(g)'s "jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders"). But Petitioner only contests his detention resulting from violations of the Government's mandatory duties under certain statutes, regulations, and the Constitution, therefore the Court has jurisdiction to determine the lawfulness of his detention. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (rejecting the government's "implausible" suggestion that § 1252(g) covers all claims arising from deportation proceedings); *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("[T]he government's discretion to incarcerate noncitizens is always constrained by the requirements of due process.").

**B.   Due Process**

The Cout finds that the Government has violated its own regulations under § 241.13(i) and § 241.4(l). First, ICE must determine that the detainee is significantly likely to be removed in the reasonably foreseeable future "on account of changed circumstances." § 241.13(i)(2). The Government asserts that it has assessed that changed circumstances will result in Petitioner's removal to Vietnam in the reasonably foreseeable future. "While that may [perhaps] be the case now, § 241.13(i)(2) requires that this determination is made before the removable alien has had his release revoked." *Tran v. Noem*, No. 25-cv-2391-BTM-BLM, 2025 WL 3005347, at *2 (S.D. Cal. Oct. 27, 2025). The record does not show that a changed-circumstances determination was made at or before Petitioner's re-detention on November 13, 2025. Even if ICE assessed the likelihood of Petitioner's removal before revoking his release, it would not have been "on account of" changed circumstances. The Government, in fact, did not even submit a request to Vietnam for travel documents until December 3, 2025—nearly three weeks after re-detaining Petitioner. With "no evidence of an actual determination of changed circumstances that justified the initial revocation of [Petitioner's] release," the Government has violated its own rule under § 241.13(i)(2). *See id*. (finding the same).

Second, an alien must "be notified of the reasons for revocation of his or her release" that are actually "stated in the notification." § 241.13(i)(3); *see Tran*, 2025 WL 3005347, at *3 (holding that this "notice must be in writing and contain all the reasons for the revocation of the alien's release"). For the documents that the Government provided to Petitioner at or reasonably close to his arrest, the most specific reason given for his revocation was merely that "there are changed circumstances in your case" due to the belief "that you can be expeditiously removed" on the same 2004 "outstanding order of removal." ECF No. 5-2 ("Notice") at 2. This is conclusory; it did not notify Petitioner of what circumstances had changed or why there was now a significant likelihood of removal, effectively stripping him of a meaningful opportunity to respond and submit evidence in opposition. It was also devoid of all the reasons for the revocation of the alien's release. For all these reasons, the Government's purported notice failed to satisfy due process. *See Tran*, 2025 WL 3005347, at *3 (finding the same); *Lesic v. LaRose*, No. 25-cv-2746-LL-BJW, 2025 WL 3158675, at *3 (S.D. Cal. Nov. 12, 2025) (same).

Finally, after re-detaining an alien who was out on supervision, ICE must "promptly" conduct "an initial informal interview" to "afford the alien an opportunity to respond to the reasons for revocation." § 241.13(i)(3). Petitioner declares that they "did not say why" they were revoking his supervision during any conversation. *See* Ngoc Huynh Decl. ¶ 6. At most, it seems that the Government pointed him to its written notice, which, as previously explained, was both conclusory and incomplete. This failing, too, violated Petitioner's due process rights. *See Tran*, 2025 WL 3005347, at *3 (finding the same); *see also Grannis v. Ordean*, 234 U.S. 385, 394 (1914) ("The fundamental requisite of due process of law is the opportunity to be heard."); *Niz-Chavez v. Garland*, 593 U.S. 155, 172 (2021) ("If men must turn square corners when they deal with the government, it cannot be too much to expect the government to turn square corners when it deals with them.").

The Government argues that "even if" the agency's compliance with the regulations fell short, it is not enough to release Petitioner back on supervision pending his deportation to Vietnam in the reasonably foreseeable future. *See* ECF No. 5 ("Opp.") at 12. However,

courts "have found that when ICE fails to follow its own regulations in revoking release, the detention is unlawful, and the petitioner's release must be ordered." *Truong v. Noem*, No. 25-cv-2597-JES-MMP, 2025 WL 2988357, at *6 (S.D. Cal. Oct. 22, 2025) (collecting cases). This is so even when, unlike here, the Government has obtained a petitioner's travel document back to his or her country of origin after their re-detainment. *See id.* at *1–6 (granting habeas and releasing the petitioner with a deportation order back on supervision when the respondents failed to comply with § 241.13(i) and § 241.4(l) despite later securing travel documents for his country of origin); *Tran*, 2025 WL 3005347, at *1–4 (same).

Because Respondents failed to comply with § 241.13(i) and § 241.4(l) when they revoked Petitioner's supervised release, issuing a writ to reinstate that release is warranted. This will be "without prejudice" to the remedies that Respondents may otherwise have, namely their readiness to deport Petitioner to Vietnam in the future. *See Tran*, 2025 WL 3005347, at *3. "Respondents may exercise their discretion to allow him to say goodbye to his family, settle his affairs, and report for his removal." *See id*.

### III. CONCLUSION

Accordingly, the Court **GRANTS** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and **DENIES AS MOOT** the Motion for Temporary Restraining Order. The Government shall immediately release Petitioner from custody on the November 13, 2025 revocation of release and arrest. Petitioner shall comply with all conditions that were in effect before his November 13, 2025 re-detainment. By **January 7, 2026**, at **5:00 p.m.**, the parties must also file a joint status report to confirm that Petitioner has been released, after which the Clerk will close this case.

IT IS SO ORDERED.

Dated: January 6, 2026

_____
Honorable Linda Lopez
United States District Judge